**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 10-cv-01108-WJM-CBS, consolidated with
Civil Action No. 10-cv-02031-WJM-CBS

BENTLEY L. THOMAS,
JOHN N. LAWSON,
BARBARA A. LAWSON,
AILEEN J. SERBENIUK, Trustee of the Frank Peter Serbeniuk Trust, and

      Plaintiffs,

v.

JAMES PETER "JIM" BURG a/k/a JIM BURG and
SUZANNE M. CARDIN BURG a/k/a SUZANNE M. CARDEN, individually and d/b/a
BLUE MOON RANCH, L.L.C., d/b/a
SUPERIOR DISCOUNT COINS, L.L.C., and
d/b/a/ AGAPE ENDEAVORS, L.L.C.;
S. CARDIN & ASSOCIATES, L.L.C.;
GOLD RUN INVESTMENTS; and
DAVID L. HELLIER and
JAYNE B. HELLIER, Individually and d/b/a
SUPERIOR DISCOUNT COINS

      Defendants,

   and

GAIL BROOKS,
VICTOR F. VAICIUS,
RONALD N. ULRICH,
MARJORIE L. ULRICH,
MICHAEL PRIDHAM,
CAMILLA PRIDHAM,

      Plaintiffs,

v.

JAMES PETER "JIM" BURG, Individually
and d/b/a BLUE MOON RANCH, L.L.C,
and d/b/a SUPERIOR DISCOUNT COINS a/k/a SUPERIOR DISCOUNT COINS, L.L.C.
and d/b/a AGAPE ENDEAVORS, L.L.C.,

and d/b/a YOUR COIN BROKER a/k/a/ YCB a/k/a YBC
and d/b/a GOLD RUN INVESTMENTS
and d/b/a S. CARDIN & ASSOCIATES, L.L.C.;
SUZANNE M. CARDIN BURG a/k/a SUZANNE M. CARDEN, Individually,
and d/b/a BLUE MOON RANCH, L.L.C.
and d/b/a SUPERIOR DISCOUNT COINS a/k/a SUPERIOR DISCOUNT COINS, L.L.C.
and d/b/a AGAPE ENDEAVORS, L.L.C.
and d/b/a YOUR COIN BROKER a/k/a YCB a/k/a YBC
and d/b/a GOLD RUN INVESTMENTS
and d/b/a S. CARDIN & ASSOCIATES, L.L.C.;
S. CARDIN & ASSOCIATES, L.L.C.;
GOLD RUN INVESTMENTS;
BLUE MOON RANCH, L.L.C. d/b/a SUPERIOR DISCOUNT COINS, L.L.C.;
SUPERIOR DISCOUNT COINS, L.L.C.; and
AGAPE ENDEAVORS, L.L.C.

Defendants.

---

### AMENDED ORDER GRANTING PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT[1]

---

Plaintiffs Bentley L. Thomas, *et al.*, Civil Action No. 10-cv-01108-WJM-CBS, (the "Thomas case") and Gail Brooks, *et al.,* Civil Action No. 10-cv-02031-WJM-CBS (the "Brooks case") (collectively, the "Plaintiffs") bring claims against Defendants James Peter "Jim" Burg and Suzanne M. Cardin Burg *et al.* (collectively, the "Defendants") in these consolidated actions alleging that Defendants defrauded Plaintiffs out of large sums of money through a fraudulent internet scheme.[2]  Before the Court is Plaintiffs'

---

[1]    Plaintiffs have moved the Court to be awarded pre-judgment interest as allowed by law.  (ECF No. 61 at 9-10.)  However, Plaintiffs have not provided the Court with specific and calculated pre-judgment interest amounts or legal authority supporting such a claim.  Therefore, Plaintiffs' request for pre-judgment interest is denied.

[2]    On July 20, 2010, Plaintiffs' claims against Defendants David L. Hellier and Jayne B. Hellier, individually, and d/b/a Superior Discount Coins were dismissed without prejudice.  (ECF No. 32.)

Motion for Entry of Default Judgment (the "Motion"). (ECF No. 61.)

For the reasons set forth below, Plaintiffs' Motion for Entry of Default Judgment is granted.

## I. BACKGROUND

Plaintiffs initiated this action on May 13, 2010, and bring claims against Defendants for: (1) Racketeer Influenced and Corrupt Organizations Act ("RICO") and Colorado Crime Control Act violations (Count I); (2) mail and wire fraud (Count II); (3) bank fraud (Count III); (4) common law fraud (Count IV); (5) civil conspiracy (Count V); (6) violations of the Colorado Consumer Protection Act (Count VI); and (7) breach of contract (Count VII).[3] (ECF No. 1.) Plaintiffs allege that they were defrauded out of large sums of money by the Defendants. (*Id*. ¶¶ 10-12.) According to Plaintiffs, Defendants hold themselves out to be experts in the precious metal industry and offer gold and silver coins for sale as investments. (*Id*.) Based on these representations, Plaintiffs allegedly sent large sums of money across state lines by either wire or check to the Defendants for the purchase of coins. (*Id*.) Defendants, however, allegedly defrauded Plaintiffs by failing to deliver the coins purchased and refusing to return Plaintiffs' money. (*Id*.)

On June 30, 2011, the Thomas case and the Brooks case were consolidated before this Court. (ECF No. 51.) Thereafter, on August 3, 2011, the Clerk of the Court entered an Entry of Default Judgment against Defendants pursuant to Fed. R. Civ. P. 55 (b)(1) (ECF No. 39), and issued an Amended Entry of Default Judgment on August

---

[3]     This claim is mislabeled as "Count VI" in Plaintiffs' Complaint. (ECF No. 1 ¶ 21.)

6, 2011 (ECF No. 41).  Plaintiffs subsequently filed the present Motion for Default Judgment on October 20, 2011.  (ECF No. 61.)

The Court has reviewed the motion, the exhibits and affidavits, the memoranda, and the applicable law, and is sufficiently advised on the issues involved.

## II.  LEGAL STANDARD

Default must enter against a party who fails to appear or otherwise defend a lawsuit.  Fed. R. Civ. P. 55(a).  Pursuant to Rule 55(b)(1), default judgment must be entered by the clerk of court if the claim is for "a sum certain"; in all other cases, "the party must apply to the court for a default judgment."  Fed. R. Civ. P. 55(b)(2).  "[D]efault judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party. In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights. The default judgment remedy serves as such a protection."  *In re Rains*, 946 F.2d 731, 732-33 (10th Cir.1991) (internal quotation marks and citation omitted).  Further, "a party is not entitled to a default judgment as of right; rather the entry of a default judgment is entrusted to the 'sound judicial discretion' of the court."  *Greenwich Ins. Co. v. Daniel Law Firm*, No. 07-cv-2445, 2008 WL 793606, at *2 (D. Colo. Mar. 22, 2008) (internal citation omitted).

## III.  ANALYSIS

### A.    Jurisdiction

The Court finds that jurisdiction exists in this case pursuant to 28 U.S.C. § 1332 (diversity of citizenship) because the parties are of diverse citizenship and the matter in

controversy exceeds $75,000, exclusive of interest and costs.

**B.      Plaintiffs' Claims**

Among Plaintiffs' claims, Plaintiffs bring claims for civil RICO (Count I), common law fraud (Count IV), and breach of contract (Count VII).

The RICO statute provides a private right of action for those injured by violations of section 1962.  18 U.S.C. § 1964(c).  To assert a civil RICO claim, a plaintiff must establish four elements: (i) conduct (ii) of an enterprise (iii) through a pattern (iv) of racketeering activity.  *See Robbins v. Wilkie*, 300 F.3d 1208, 1210 (10th Cir. 2002). The term "enterprise" is statutorily defined and includes "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4).  A "pattern of racketeering activity" is at least two acts of racketeering activity that occurred within a ten-year period, 18 U.S .C. § 1961(5), that amounted to, or constitute a threat of, continuing racketeering activity.  *See Bacchus Industries, Inc. v. Arvin Industries, Inc.*, 939 F.2d 887, 891 (10th Cir. 1991).  Plaintiffs here allege racketeering through mail and wire fraud.  (ECF No. 1 ¶¶ 13-14.)

The elements of common law fraud under Colorado law are: (1) that the defendant made a false representation of a material fact; (2) that the party making the representation knew it was false; (3) that the party to whom the representation was made did not know of the falsity; (4) that the representation was made with the intent that it be acted upon; and (5) that the representation resulted in damages.  *See Wood v. Houghton Mifflin Harcourt Pub. Co.*, 569 F. Supp. 2d 1135, 1140 (D. Colo.

2008)(citing *Brody v. Bock*, 897 P.2d 769, 775-76 (Colo. 1995)); *see also Colo. Motor*

*Vehicle Dealer Bd. v. Butterfield*, 9 P.3d 1148, 1152 (Colo. App. 2000) (common law

fraud can be based on "a false representation" or a "fail[ure] to disclose a material

fact"); *Pittman v. Larson Distrib. Co.*, 724 P.2d 1379, 1386 (Colo. App. 1986) (common

law fraud includes a claim of "concealment of a material existing fact, that in equity and

good conscience should be disclosed").

        To state a claim for breach of contract claim under Colorado law, Plaintiffs must

sufficiently plead: (1) the existence of a contract; (2) performance by the plaintiff or

some justification for nonperformance; (3) failure to perform the contract by a party to

the contract; and (4) resulting damages to the plaintiff.  *See W. Distrib. Co. v. Diodosio*,

841 P.2d 1053, 1058 (Colo. 1992).

        Based on a review of the well-pleaded facts and supporting evidence in Plaintiffs'

Complaint, the Court finds that Plaintiffs have sufficiently stated claims for civil RICO,

common law fraud, and breach of contract against Defendants.[4]

## C.    Default Judgment for Sum Certain Damages

        The Court further finds that a default judgment should be entered for the sum

certain damages that Plaintiffs seek.  Actual proof must support any default judgment

for money damages.  *See Klapprott v. U.S.*, 335 U.S. 601, 611-12 (1949).  Moreover,

the amount of damages must be ascertained before a final default judgment can be

entered against a party.  *See Herzfeld v. Parker*, 100 F.R.D. 770, 773 (D. Colo. 1984)

---

        [4]        Since the Court finds that Plaintiffs have sufficiently stated claims for civil RICO,
common law fraud, and breach of contract that will entitle Plaintiffs to a default judgment in the
sum certain damages that they seek, the Court does not reach the question of whether
Plaintiffs have sufficiently stated their remaining claims.

(citing 10 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure: Civil § 2692 at 465–66 (1983)).  Here, Plaintiffs have supplied sufficient documentary proof that they are entitled to the following sum certain damages: (1) Bentley L. Thomas - $174,863.90; (2) John N. Lawson and Barbara A. Lawson - $187,535.91; (3) Aileen J. Serbeniuk, Trustee of the Frank Peter Serbeniuk Trust - $51,603.90; (4) Gail Brooks - $75,734.13; (5) Victor F. Vaicius - $51,660.92; (6) Ronald N. Ulrich and Marjorie L. Ulrich - $36,932.43; and (7) Michael Pridham and Camilla Pridham - $56,262.93.  (ECF No. 61, Exs. A-G.)

Plaintiffs have also moved the Court to be awarded pre-judgment interest as allowed by law.  (ECF No. 61 at 9-10.)  However, Plaintiffs have not provided the Court with specific and calculated pre-judgment interest amounts or legal authority supporting such a claim.  Therefore, Plaintiffs' request for pre-judgment interest is denied.

Accordingly, default judgment shall be entered for the sum certain damages described above.

## D.    Attorneys' Fees and Costs

Plaintiffs also seek an award of attorneys' fees, costs, and expenses.  (ECF No. 1 ¶ 29.)  Federal Rule of Civil Procedure 54(d) provides that costs, other than attorney fees, should be awarded to a prevailing party, and 28 U.S.C. § 1920 provides that such an award is to be made upon the filing of a bill of costs.  Further, as prevailing parties, Plaintiffs are entitled to an award of attorneys' fees and costs under their civil RICO claim: "Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a

7

reasonable attorney's fee . . ."  18 U.S.C. § 1964(c).

Plaintiffs seek the following attorneys' fees and expenses: (1) Bentley L. Thomas - $24,863.90; (2) John N. Lawson and Barbara A. Lawson - $23,734.91; (3) Aileen J. Serbeniuk, Trustee of the Frank Peter Serbeniuk Trust - $21,693.90; (4) Gail Brooks - $7,410.93; (5) Victor F. Vaicius - $7,450.92; (6) Ronald N. Ulrich and Marjorie L. Ulrich - $6,890.93; and (7) Michael Pridham and Camilla Pridham - $6,237.93.  (ECF No. 61, Exs. A-G.)

In the Court's view**,** the hourly rate of $200.00 for Plaintiffs' counsel is very reasonable, but the total amount of hours spent by Plaintiffs' counsel, on a case that never proceeded to extensive discovery or trial, appears somewhat high.  Therefore, the Court, in its discretion, subtracts twenty percent (20%) from the total award of attorneys' fees requested by the Plaintiffs, and Plaintiffs are awarded the following attorneys' fees, costs, and expenses: (1) Bentley L. Thomas - $19,891.12; (2) John N. Lawson and Barbara A. Lawson - $18,987.93; (3) Aileen J. Serbeniuk, Trustee of the Frank Peter Serbeniuk Trust - $17,355.12; (4) Gail Brooks - $5,928.74; (5) Victor F. Vaicius - $5,960.74; (6) Ronald N. Ulrich and Marjorie L. Ulrich - $5,512.74; and (7) Michael Pridham and Camilla Pridham - $4,990.34.

## IV.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1.      Plaintiffs' Motion for Entry of Default Judgment (ECF No. 61) is GRANTED;

In Civil Action No. 10-cv-01108-WJM-CBS:

2.      Plaintiff Bentley L. Thomas is entitled to $174,863.90 in damages from

Defendants;

3.      Plaintiffs John N. Lawson and Barbara A. Lawson are entitled to $187,535.91 in

        from Defendants;

4.      Plaintiff Aileen J. Serbeniuk, Trustee of the Frank Peter Serbeniuk Trust is

        entitled to $51,603.90 in damages from Defendants;

        In Civil Action No. 10-cv-02031-WJM-CBS:

5.      Plaintiff Gail Brooks is entitled to $75,734.13 in damages Defendants;

6.      Plaintiff Victor F. Vaicius is entitled to $51,660.92 in damages Defendants;

7.      Plaintiffs Ronald N. Ulrich and Marjorie L. Ulrich are entitled to $36,932.43 in

        damages from Defendants;

8.      Plaintiffs Michael Pridham and Camilla Pridham are entitled to $56,262.93 in

        damages from Defendants; and

9.      Plaintiffs are entitled to attorneys' fees and expenses as follows: (1) Bentley L.

        Thomas - $19,891.12; (2) John N. Lawson and Barbara A. Lawson - $18,987.93;

        (3) Aileen J. Serbeniuk, Trustee of the Frank Peter Serbeniuk Trust -

        $17,355.12; (4) Gail Brooks - $5,928.74; (5) Victor F. Vaicius - $5,960.74; (6)

        Ronald N. Ulrich and Marjorie L. Ulrich - $5,512.74; and (7) Michael Pridham and

        Camilla Pridham - $4,990.34.

        Dated this 8th day of June, 2012.

                                              BY THE COURT:

                                              _____
                                              William J. Martínez
                                              United States District Judge